UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------x

SANDRA GIUFFRE,

        Plaintiff,

V.

JONATHAN COLE,

        Defendant.

------------------------------------x

Case No.: 3:09-cv-01841-SRU

Hon. Stefan R. Underhill

**DEFENDANT'S ANSWER,
AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS**

Defendant Jonathan Cole ("Cole") for his answer to the complaint dated November 12, 2009 (the "Complaint"), by plaintiff Sandra Giuffre ("Giuffre" or the "Plaintiff") alleges as follows:

### PARTIES AND RELATED PERSONS AND ENTITIES

1.    Cole lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2.    Cole admits the allegations in Paragraph 2 of the Complaint.

3.    Cole lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3. Notwithstanding the foregoing, the Connecticut Secretary of State online business entity database lists the status of Giuffre Associates, LLC as "dissolved."

4.    Cole lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4. Notwithstanding the foregoing, the Connecticut Secretary of State online business entity database lists the status of GA-Capital, LLC as "dissolved."

## JURISDICTION

5. Cole admits that he is a resident of New Jersey. Cole lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5.

6. Cole denies the allegations of Paragraph 6, and refers the agreement between Cole and Giuffre, dated October 8, 2008 (the "2008 NDA") to the Court for construction thereof.

7. Cole denies the allegations of Paragraph 7, and refers the 2008 NDA to the Court for construction thereof.

## BACKGROUND

8. Cole denies the allegations in Paragraph 8.

9. Cole lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, except is aware of abandoned U.S. patent application No. 11/709,944, which is now publicly available for viewing on the United States Patent and Trademark Office website.

10. Cole lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. Cole lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. Cole lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13. Cole lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13.

14. Cole admits the allegations in Paragraph 14.

15. Cole admits that, on behalf of his employer, DW Van Dyke & Co. ("DWVD") he signed a non-disclosure agreement on June 1, 2007 (the "2007 NDA"). Cole denies the remaining allegations in Paragraph 15.

16. Cole denies the allegations in Paragraph 16.

17. Cole denies the allegations in Paragraph 17.

18. Cole denies the allegations in Paragraph 18.

19. Cole denies the allegations in Paragraph 19.

20. Cole denies the allegations in Paragraph 20.

21. Cole lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Cole denies the allegations in Paragraph 22, except admits that Giuffre presented Cole with a Strategic Alliance Agreement, which Cole refused to sign.

23. Cole denies the allegations in Paragraph 23.

24. Cole denies the allegations in Paragraph 24.

25. Cole denies the allegations in Paragraph 25.

26. Cole denies the allegations in Paragraph 26.

27. Cole admits that he executed the 2008 NDA on October 3, 2008. Cole denies the remaining allegations in Paragraph 27.

28. Cole denies the allegations in Paragraph 28 and refers the 2008 NDA to the court for construction thereof.

29. Cole denies the allegations in Paragraph 29 and refers the 2008 NDA to the court for construction thereof.

30. Cole denies the allegations in Paragraph 30 and refers the 2008 NDA to the court for construction thereof.

31. Cole denies the allegations in Paragraph 31 and refers the 2008 NDA to the court for construction thereof.

32. Cole denies the allegations in Paragraph 32 and refers the 2008 NDA to the court for construction thereof.

33. Cole denies the allegations in Paragraph 33 and refers the 2008 NDA to the court for construction thereof.

34. Cole denies the allegations in Paragraph 34.

35. Cole denies the allegations in Paragraph 35 and refers the 2008 NDA to the court for construction thereof.

36. Cole denies the allegations in Paragraph 36.

37. Cole denies the allegations in Paragraph 37, but admits that he no longer works with Giuffre.

38. Cole admits that he received correspondence from Giuffre on or about July 15, 2009, and that he destroyed all documents/materials in his possession that he believed to be in compliance with Giuffre's request. Cole denies the remaining allegations in Paragraph 38.

39. Cole admits the allegations in Paragraph 39.

40. Cole admits the allegations in Paragraph 40.

41. Cole denies the allegations in Paragraph 41, and asserts that the July 15, 2009 letter did not require a response.

42. Cole denies the allegations in Paragraph 42.

43. Cole denies the allegations in Paragraph 43.

44. Cole denies the allegations in Paragraph 44.

45. Cole denies the allegations of Paragraph 45.[1]

## COUNT ONE

57. Cole incorporates his answers and averments contained in paragraphs 1 through 45 above as if fully set forth herein.

58. Cole denies the allegations in Paragraph 58.

59. Cole denies the allegations in Paragraph 59.

60. Cole denies the allegations in Paragraph 60.

61. Cole denies the allegations in Paragraph 61.

62. Cole denies the allegations in Paragraph 62.

63. Cole denies the allegations in Paragraph 63.

## COUNT TWO

64. Cole incorporates his answers and averments contained in paragraphs 1 through 63 above as if fully set forth herein.

65. Cole admits the allegations in Paragraph 65.

66. Cole lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66.

67. Cole denies the allegations in Paragraph 67, and subparagraphs (a) through (d) therein.

68. Cole denies the allegations in Paragraph 68.

---

[1] Paragraph Nos. 46 through 56 are omitted from the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

69. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Insufficient Particularity)

70. Giuffre's claims are barred, in whole or in part, because Giuffre fails to particularize her claims, thereby depriving Cole of the ability to ascertain the basis of the claims, if any.

### THIRD AFFIRMATIVE DEFENSE
### (Non-Disclosure Agreement is Overbroad)

71. Any restrictions imposed by the Non-Disclosure Agreement in question are overbroad, vague, and ambiguous.

### FOURTH AFFIRMATIVE DEFENSE
### (Public Policy)

72. The Non-Disclosure Agreement in question is void and unenforceable because it is contrary to public policy due to its overbreadth and vagueness.

### FIFTH AFFIRMATIVE DEFENSE
### (No Breach)

73. Giuffre's claims are barred, in whole or in part, because Giuffre fails to establish any breach of the Non-Disclosure Agreement by Cole.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Identify Trade Secret)

74. Giuffre's claims are barred, in whole or in part, because Giuffre fails to identify a trade secret.

### SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Identify Act of Misappropriation or Disclosure)

75. Giuffre's claims are barred, in whole or in part, because Giuffre fails to identify any conduct or act of misappropriation, disclosure, or use of alleged confidential information and/or trade secrets by Cole.

### EIGHTH AFFIRMATIVE DEFENSE
### (No Misappropriation)

76. Giuffre's claims are barred, in whole or in part, because Cole has not misappropriated any trade secrets or disclosed any confidential information.

### NINTH AFFIRMATIVE DEFENSE
### (No Protectable Trade Secrets)

77. Giuffre's claims are barred, in whole or in part, because none of the allegedly confidential information identified by Giuffre, including her published and abandoned patent application, constitutes a protectable trade secret, since this information is already in the public domain and/or is readily ascertainable by proper means in the industry.

### TENTH AFFIRMATIVE DEFENSE
### (No Likelihood of Success)

78. Giuffre's claims are barred, in whole or in part, because Giuffre has not demonstrated, and cannot demonstrate, a likelihood of success on the merits and is not entitled to injunctive relief.

### ELEVENTH AFFIRMATIVE DEFENSE
### (No Irreparable Harm)

79. Giuffre's claims are barred, in whole or in part, because Giuffre has not suffered any irreparable injury by the conduct of Cole, and is not threatened with any irreparable injury and is not entitled to any injunctive relief.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Damages)

80. Giuffre's claims are barred, in whole or in part, because Giuffre has not been caused any damage by the conduct of Cole.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Good Faith)

81. Giuffre's claims are barred in whole or in part, because Cole at all times acted in good faith, and Giuffre has not demonstrated, and cannot demonstrate, any bad faith or deception by Cole.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

82. Giuffre's claims are be barred by the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Laches)

83. Giuffre's claims are be barred by the doctrine of laches.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Waiver)

84. Giuffre's claims are be barred by the doctrine of waiver.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Estoppel)

85. Giuffre's claims are be barred by the doctrine of estoppel.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

86. Cole reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or inequity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

### Jurisdiction

87. The court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1332.

88. Venue lies in this District pursuant to 28 U.S.C. § 1391.

### COUNT ONE
### (Declaratory Judgment)

89. On or about October 3, 2008, Cole signed a Confidentiality and Non-Disclosure Agreement ("2008 NDA") with Giuffre.

90. The 2008 NDA has two key definitions: "Longevity Risk Technology Solutions" and "Confidential Information."

91. "Longevity Risk Technology Solution" is defined as: "any form of analytical capability, risk assessment, pricing, collateralization, and/or modeling capability, and/or computer program specifications or source code that, directly or indirectly, results from, relates to, is a consequence of, or in any way involves or utilizes any Confidential Information."

92. "Confidential Information" is defined as: "all information and data in any form, in any media, written or oral received by the Recipient from Giuffre concerning or with reference to Longevity Risk Technology Solutions, regardless of whether such information or data has been designated or marked confidential."

93. The 2008 NDA also states: "Confidential Information may include, without limitation, trade secrets, know how, inventions, technical understanding, modeling or analytical capabilities, rating agency and regulatory compliance information, clients' and

9

suppliers' information, and methodologies, including, but not limited to, rating, collateralization, risk assessment, solution structuring, and pricing methodologies."

94. The 2008 NDA does not identify any particular trade secrets, know how, inventions, technical understanding, modeling or analytical capabilities, rating agency and regulatory compliance information, clients' and suppliers' information, and methodologies that are allegedly owned by Giuffre.

95. The 2008 NDA does not contain any time restrictions on the duration of Cole's obligations with respect to the alleged confidential information.

96. The 2008 NDA does not contain any geographic restrictions regarding Cole's obligations with respect to the alleged confidential information.

97. The 2008 NDA does not require any reporting, confirmation, or response by Cole to Giuffre regarding the destruction of any alleged confidential information by Cole at the request of Giuffre.

98. The 2008 NDA does not contain a severability clause or other language regarding the severability of certain provisions in the event that other provisions are deemed unenforceable.

99. Giuffre filed a patent application referencing longevity risk, risk assessment, and pricing, which was published on March 13, 2008, and is currently available for public viewing on the United States Patent and Trademark Office website.

100. An actual and justiciable controversy exists as to whether the 2008 NDA is Enforceable, and if so, whether Cole breached the 2008 NDA.

101. Cole seeks a determination that the 2008 NDA is unreasonably overbroad, vague

and ambiguous in its terms, and/or is against public policy, and is unenforceable as a matter of law.

## COUNT TWO
### (Tortious Interference with business relations)

102. Cole, both individually and through his employer, DWVD, has a business relationship with the rating agency DBRS.

103. Cole's relationship with DBRS first began through his employment at DWVD.

104. By virtue of this relationship, Cole has a legitimate business expectancy to provide services to clients of DWVD in collaboration with DBRS.

105. Giuffre was aware of Cole's and DWVD's relationship with DBRS.

106. Giuffre has had conversation(s) with DBRS about Cole (the "Conversation(s)").

107. Through Giuffre's Conversation(s) with DBRS, she alleges that she had learned certain information regarding Cole's prospective business activities.

108. These Conversation(s) between Giuffre and DBRS took place prior to Giuffre's initiating the present action.

109. Upon information and belief, Giuffre's Conversation(s) with DBRS concerning Cole and/or Cole's prospective business opportunities were for the purpose of interfering, in bad faith, with Cole's business expectations, and to harm Cole's business relationship with DBRS.

110. Upon information and belief, Giuffre intentionally interfered with this relationship by allegedly discussing Cole's prospective business opportunities with DBRS.

111. Upon information and belief, Giuffre instituted the present action in a willful and

malicious attempt to further intimidate DBRS and others from conducting business with Cole and/or his employer, DWVD.

112. As a result of this interference, Cole has been, and will continue to be, injured by lost profits and other business losses.

113. These actions constitute a tortious interference with Cole's business existing and prospective business expectations.

114. Cole has suffered irreparable damages as a result of Giuffre's Conversation(s) with DBRS.

## COUNT THREE

### (Attorney's Fees pursuant to Connecticut Uniform Trade Secrets Act, C.G.A. § 35-54)

115. Giuffre has not identified any trade secrets allegedly misappropriated by Cole.

116. Giuffre has not identified any act(s) of disclosure or use of a trade secret by Cole that would constitute misappropriation under Connecticut General Statutes § 35-51(b).

117. Upon information and belief, the Confidential Information Giuffre claims as a protectable trade secret is either generally known in the industry or readily ascertainable through proper means by those who could benefit from the knowledge.

118. Upon information and belief, Giuffre initiated the present action in bad faith in order to harass, delay and improperly harm Cole.

119. Giuffre's conduct in initiating the present action has improperly harmed Cole.

120. Giuffre's actions entitle Cole to relief in the form of attorneys fees and costs related to the defense of the present action under the Connecticut Uniform Trade Secrets Act, Connecticut General Statutes § 35-54.

WHEREFORE, Cole respectfully requests that the Court enter judgment in its favor and against Giuffre as follows:

A.  Declaratory judgment that the 2008 NDA is unenforceable.

B.  Damages for lost profits, expected profits, costs associated with defense of this case, and attorney's fees.

C.  Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Cole demands a jury trial on all issues triable to a jury.

Respectfully Submitted,

Dated: December 14, 2009

/s/ Ronald S. Bienstock
Ronald S. Bienstock, Esq.
(*pro hac vice*)
Bienstock & Michael, P.C.
Continental Plaza
411 Hackensack Ave., 7th Fl.
Hackensack, NJ 07601
(201) 525-0300

Wm. Tucker Griffith, Esq.
McCormick, Paulding & Huber
185 Asylum St.
Hartford, CT 06103-4102
Phone: 860-549-5290
Fax: 860-527-0464

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

------------------------------------x

SANDRA GIUFFRE,

        Plaintiff,

   V.

JONATHAN COLE,

        Defendant.

------------------------------------x

Case No.: 3:09-cv-01841-SRU

Hon. Stefan R. Underhill

**DEFENDANT'S ANSWER,**
**AFFIRMATIVE DEFENSES**
**AND COUNTERCLAIMS**

## CERTIFICATE OF SERVICE

    I certify that on December 14, 2009, I caused Defendant Jonathan Cole's Answer, Affirmative Defenses and Counterclaims to Plaintiff Sandra Giuffre's Complaint dated November 12, 2009 to be served via first class mail, electronic mail and by filing using the ECF system on:

        **Theodore W. Heiser**
        Heiser & Heiser, LLC
        22 Kings Highway
        Chester , CT 06412
        860-526-8495
        Fax: 860-526-8496
        Email: theiser@heiserandheiser.com

Dated: December 14, 2009

        /s/ Ronald S. Bienstock
        RONALD S. BIENSTOCK, ESQ.
        *(Pro Hac Vice)*
        *Counsel for Defendant*
        Bienstock & Michael, P.C.
        Continental Plaza
        411 Hackensack Avenue, 7th Floor
        Hackensack, New Jersey 07601
        Email: lmolnar@musicesq.com
        Telephone:   (201) 525-0300